**UNITED STATES of America**

v.

**Edward J. GERRITY, Jr.**

**Cr. No. 78–121.**

United States District Court, District of Columbia.

June 9, 1978.

G. Allan Carver, Jr., Robert G. Andary, Dept. of Justice, Washington, D. C., for plaintiff.

Walter J. Bonner, Washington, D. C., for defendant.

AUBREY E. ROBINSON, Jr., District Judge.

### ORDER

This Court has considered Defendant's Motion for Discovery and Inspection, the Government's Response thereto, the oral arguments of counsel, and the entire record herein. It is by the Court this 9th day of June, 1978,

ORDERED, that Defendant's Motion for Discovery and Inspection be and hereby is granted in part and denied in part, as described below.

Defendant's Request Number One is granted only insofar as it seeks discovery of (1) written or recorded statements made by Defendant and within the possession, custo-

dy, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the prosecution; (2) the substance of any oral statement which the Government intends to offer in evidence at the trial made by Defendant whether before or after arrest in response to interrogation by any person then known to Defendant to be a Government agent; and (3) recorded testimony of Defendant before a Grand Jury. Only statements and testimony relevant to the subject matter of the charges presented in the Information need be disclosed. As used herein, relevant information in the custody or control of the Government includes any relevant information in the custody or control of any Executive Branch agency, and includes any relevant information to which the prosecution has had access in the custody or control of any other branch of the Government.

Defendant's Request Number Two is denied.

 Defendant's Request Number Three is granted only insofar as it seeks access to books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody, or control of the prosecution and which are material to the preparation of the defense herein, or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to Defendant.

Defendant's Request Numbers Four through Twelve are denied. Defendant has not explained how the requested information is material to the preparation of his defense.

Defendant's Request Numbers Thirteen through Fifteen are denied.

### SUPPLEMENTAL ORDER

Upon further consideration of Defendant's Motion for an Order Directing Inspection and Disclosure of all Exculpatory Material and Information, it is by the Court this 9th day of June, 1978,

ORDERED, that this Court's Order of June 2, 1978, denying Defendant's Motion for an Order Directing Inspection and Disclosure of all Exculpatory Material and Information is hereby supplemented with the finding of this Court that the Government, in pursuance of its obligation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), must disclose all exculpatory information in the possession, custody, or control of any branch of the Government, which is known or, by the exercise of due diligence, may become known to the prosecution.